1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

JASVIR SINGH,

CASE NO. C19-1873JLR-MLP

11

                    Plaintiff,

        v.

ORDER GRANTING MOTION
TO DISMISS AND DENYING AS
MOOT SECOND MOTION FOR
EMERGENCY STAY OF
REMOVAL

12
13

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICES,
et al.,

14
15

                    Defendants.

16

## I.   INTRODUCTION

17

Before the court are (1) Defendants United States Citizenship and Immigration

18

Services, United States Department of Justice, and United States Department of

19

Homeland Security's (together, "the Government") motion to dismiss (*see* MTD (Dkt.

20

# 14)); and (2) Plaintiff Jasvir Singh's second emergency motion for stay of removal (*see*

21

2d TRO (Dkt. # 19)).  The court has reviewed the motions, the parties' submissions in

22

support of and in opposition to the motions, the relevant portions of the record, and the

ORDER - 1

applicable law.  Being fully advised, the court GRANTS the Government's motion to dismiss with prejudice and DENIES as moot Mr. Singh's second motion for stay of removal.

## II.    BACKGROUND

Mr. Singh, who is proceeding through counsel, filed this action under the Administrative Procedures Act ("APA") to obtain review of an asylum officer's and immigration judge's negative credible fear determinations and expedited removal order. (*See* Compl. (Dkt. # 1-2).)  Mr. Singh alleges that he has a credible fear of being returned to India based on animus he faced in India on the basis of his political beliefs.  (*See* 2d TRO at 2-4.)

Mr. Singh has been detained at the LaSalle Correction Center in Olla, Louisiana since January 3, 2020.  (Dumont Decl. (Dkt. # 15) ¶ 8.)  He entered the United States without inspection after crossing the border near San Ysidro, California, on May 22, 2019. (Compl. ¶ 8.1; Lambert Decl. (Dkt. # 16) ¶ 2, Ex. A.)  The Government commenced the credible fear process after Mr. Singh informed officers that he sought asylum.  (Comp. ¶ 8.1.)  On June 5, 2019, United States Immigration and Customs Enforcement ("ICE") took Mr. Singh into custody and transferred him shortly thereafter to Tallahatchie County Correctional Facility in Tutwiler, Mississippi.  (Dumont Decl. ¶ 3.)  On July 10, 2019, an asylum officer interviewed Mr. Singh and made a negative credible fear determination.  (*See* Compl. ¶¶ 8.1-8.2.)  Mr. Singh requested that an immigration judge review the determination.  (*Id.* ¶ 8.3.)  On July 29, 2019, ICE transferred Mr. Singh to Pine Prairie ICE Processing Center in Pine Prairie, Louisiana.

1   (Dumont Decl. ¶ 5.)  On August 12, 2019, the immigration judge affirmed the negative

2   credible fear determination and returned the case to ICE for Mr. Singh's removal.  (*Id.*

3   ¶ 6.)  Four days later, Mr. Singh filed a habeas petition in the Fifth Circuit that was

4   dismissed on September 26, 2019. (Compl. ¶ 8.7; Dumont Decl., ¶ 7.)  Mr. Singh is

5   currently detained at LaSalle Correction Center. (Dumont Decl. ¶ 8.)

6        On January 5, 2020, Mr. Singh filed an emergency motion seeking a stay of

7   removal in this case.  (1st TRO (Dkt. # 9).)  The court denied that motion on January 7,

8   2020.  (1/7/20 Order (Dkt. # 10).)  The court found that Mr. Singh had failed to "show a

9   likelihood of success, serious legal questions, or a substantial case on the merits" because

10  "the Immigration and Nationality Act expressly precludes judicial review of Plaintiff's

11  challenge to his expedited removal order and negative credible fear finding."  (*See id.* at 2

12  (citing 8 U.S.C. § 1252(a)(2)(A)).)  The court also noted that individuals may challenge

13  removal proceedings via habeas petitions, but that Mr. Singh could not rely on habeas

14  caselaw to support his claims because he did not file a habeas petition.[1]  (*See id.* at 2-3.)

15                    **III.    ANALYSIS**

16       The Government moved to dismiss Mr. Singh's complaint for lack of jurisdiction

17  on February 24, 2020.  (*See* MTD at 8.)  The Government argues that (1) the Immigration

18  and Nationality Act ("INA") precludes judicial review of Mr. Singh's challenge to his

19  removal orders and negative credible fear determination, and (2) Mr. Singh cannot seek

20  habeas relief in this court.  (*See id.* at 5-8.)  Mr. Singh opposes the Government's motion.

21

22       [1] The court also noted that it would have been improper for Mr. Singh to file a habeas
    petition in this district because he is currently detained in Louisiana.  (*See id.* at 3-4.)

ORDER - 3

1   (*See* MTD Resp. (Dkt. # 17).)  While the Government's motion to dismiss was pending,

2   Mr. Singh filed a second emergency motion for a stay of removal.  (*See* 2d TRO.)  Mr.

3   Singh's second motion mirrors his first.  He asks the court to "reconsider" its prior ruling

4   that temporary injunctive relief was not warranted because the INA precludes judicial

5   review of this case (*see id.* at 9-10) and otherwise recycles the same arguments presented

6   in his first emergency motion for a stay of removal (*see id.* at 10-19).

7        The court first addresses the Government's motion to dismiss before turning to

8   Mr. Singh's second emergency motion for a stay of removal.

9   **A.     Motion to Dismiss**

10       A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests the

11   court's subject matter jurisdiction.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035,

12   1039 (9th Cir. 2004); *see also Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir.

13   2009) ("An objection that a federal court lacks subject matter jurisdiction may be raised

14   at any time.").  Federal courts are courts of limited jurisdiction, only possessing the

15   power authorized by the Constitution and statutes.  *Kokkonen v. Guardian Life Ins. Co. of*

16   *Am.*, 511 U.S. 375, 377 (1994).  As a starting point for this analysis, it is assumed that the

17   district court lacks subject matter jurisdiction, and the party asserting the claim bears the

18   burden of establishing that subject matter jurisdiction exists."  *In re Dynamic Random*

19   *Access Memory Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) (citing *Kokkonen*, 511

20   U.S. at 377).  "When a motion to dismiss attacks subject matter jurisdiction under Rule

21   12(b)(1) on the face of the complaint, the court assumes the factual allegations in the

22

1   complaint are true and draws all reasonable inferences in the plaintiff's favor."  *City of*

2   *L.A. v. JPMorgan Chase & Co.*, 22 F. Supp. 3d 1047, 1052 (C.D. Cal. 2014).

3          Mr. Singh fails to establish a basis for the court's subject matter jurisdiction in this

4   case.  Although Mr. Singh argues that the APA provides a basis for judicial review

5   (Compl. ¶ 1.1; MTD Resp. at 2 ("An action pursuant to [the] Administrative Procedure

6   Act is the proper means for seeking remedy when such a violation has occurred due to

7   malfeasance by an administrative agency.")), APA review is not available here.  The

8   APA provides a source of judicial review of agency actions except to the extent a statute

9   expressly precludes such review.  5 U.S.C. § 701(a); *see Lincoln v. Vigil*, 508 U.S. 182,

10  191 (1993).  As the court has already ruled, the INA prohibits judicial review of

11  expedited removal orders and the credible fear process.  *See* 8 U.S.C. § 1252(a)(2)(A)

12  (stating that "no court shall have jurisdiction to review . . . except as provided in

13  subsection (e), any individual determination or to entertain any other cause or claim

14  arising from or relating to the implementation or operation of an order of removal

15  pursuant to § 1225(b)(1) of this title"); (*see also* 1/7/20 Order at 2 ("Here, the

16  Immigration and Nationality Act expressly precludes judicial review of Plaintiff's

17  challenge to his expedited removal order and negative credible fear finding.").)  The

18  limited carveouts in § 1252(e) are also inapplicable to this case.  (*See* 1/7/20 Order at

19  2-3.)  Although Mr. Singh attempts to argue that § 1252 does not preclude judicial review

20  (*see* MTD Resp. at 4-6), he does not provide any authority interpreting § 1252 that would

21  allow the court to ignore the express prohibition of judicial review included in that

22  statute.

1    Although the court also agrees with the Government that Mr. Singh cannot attempt

2 to recast his claim as one for habeas relief to avoid dismissal (*see* MTD at 7-8; 1/7/20

3 Order at 3-4), Mr. Singh has not made that argument in response to the motion to dismiss

4 (*see generally* MTD Resp.).  Accordingly, the court need not address that issue further.

5    In sum, because the court has no jurisdiction to review Mr. Singh's complaint

6 pursuant to the INA, the court GRANTS the Government's motion to dismiss for lack of

7 jurisdiction with prejudice.  Because the court dismisses this case and concludes that it

8 lacks jurisdiction over Mr. Singh's claims, the court also DENIES as moot Mr. Singh's

9 second emergency motion for a stay of removal.

10                          **IV.    CONCLUSION**

11    For the reasons set forth above, the court GRANTS the Government's motion to

12 dismiss (Dkt. # 14) with prejudice and DENIES Mr. Singh's second emergency motion

13 for a stay of removal (Dkt. # 19).

14    Dated this 12th day of June, 2020.

16

17 JAMES L. ROBART
United States District Judge

ORDER - 6